## Hackett v. Emporium Borough School District, Appellant.

[Marked to be reported.]

*Common Schools—Special building tax—Lease—Act, 1854.*

A special building school tax levied under § 33 of the Act of May 8, 1854, may be used to lease a building and fit it up for use as a schoolhouse.

Section 33, authorizing the board of school directors to levy a special tax " to be applied solely to the purpose of purchasing or paying for ground, and the building or erection of school buildings thereon," is to be construed with § 2 of said Act requiring the directors to establish a sufficient number of schools and to cause " suitable lots of ground to be procured and suitable buildings to be erected, purchased or rented for schoolhouses."  The word " purchase " in § 33, is applicable to a leasehold estate:

*Tax payer's bill—Misappropriation, effect of, on levy—Practice.*

The subsequent misappropriation of a portion of the proceeds of a special tax may render the directors personally liable to the district, but it can have no retroactive effect upon the power of the directors to levy and collect the tax.  And it will not support a taxpayer's bill to restrain its collection.

Argued May 17, 1892.  Appeal, No. 269, Jan. T., 1892, by defendant, from decree of C. P. Cameron Co., Nov. T., 1888, No. 1, perpetually enjoining collection of special school tax. Before, PAXSON, C. J. STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The facts, as found by the master, Jesse Merrill, are stated in substance in the opinion of the Supreme Court.  The master found that a building tax of five mills was levied for 1888, pro-

ducing $835.31, including exonerations, and that it was applied as follows: for rent, furniture, etc., of building leased and fitted up for school purposes, $427.85 ; for re-painting an old school building, $109.27 ; and for water closets on same ground, $268.36 ; making a total of $805.48.

The master concluded as follows :

" The board of directors had asked for, and been refused, the privilege of borrowing money for the purpose of enlarging their present building. The law imposes upon them the duty of providing a sufficient number of schools for their accommodation. The 23d. section of the Act of May 8, 1854, 1 Purd. 290, pl. 48, gives school directors the right to rent buildings for school purposes. We think the purchase of the use of a building a legitimate expenditure of part of the fund raised by the tax. In Davis v. Bradford School District et al., 4 C. C. 656, this question, whilst not directly, is practically decided in this way.

" The question as to whether or not an expenditure for school furniture, would be a proper one, is decided in Delano Land Co.'s Ap., 103 Pa. 347, in which the Supreme Court affirms that part of the judgment of the lower court, which allows the collection of a building tax, assessed partly for that purpose.

" The building of water closets and re-painting the old school building were extraordinary repairs, and the appropriation of this tax to these purposes was a proper expenditure, and can be fully justified under the manuscript opinion of the learned judge of this district, filed in the case of Chapman v. Lumber Twp. Sch. Dist., in common pleas of Cameron county, to No. 59, Sept. T., 1888.

" I find, therefore, that the building tax levied and assessed by the school directors of the school district of Emporium borough, at their meeting on June 13, 1888, was legally and lawfully levied and assessed, and that its collection should not be restrained by the court."

Exception was filed to this finding, which was sustained by the court, ar d the injunction made perpetual, in an opinion by MAYER, P. J., on the ground that the special tax could be levied only for the purchase of land and the erection of schoolhouses thereon, saying in conclusion :

" Of course the tax could be used for all matters so intimately connected with the purchase of grounds and the erection of new buildings, such as fencing and improving the grounds and the purchase of furniture for a new building, that they would be considered a part of the same. Such was the case in Delano Land Co.'s Ap., 103 Pa. 347, cited by the master, where the court allowed a building tax to be levied and collected to pay for furniture for a school building that was being erected. But in the same case rents and repairs were paid out of the general school fund: Page 352.

[" As the tax levied against the property of the plaintiff was not used nor intended to be used for the purposes designated in § 33 of the Act of May 8, 1854, the master was in error in his conclusions of law that the building tax was properly applied."] [2]

*Errors assigned* were (1) not dismissing bill; (2) opinion as above in brackets, quoting it; and (3) reversing report and continuing injunction.

*J. P. McNarney,* with him *J. C. Johnson,* for appellant.— The Act of 1854 requires the directors to establish a sufficient number of schools and for refusal to do so may be removed: Nicklas v. Kaltenbaugh, 146 Pa. 212. The same Act authorizes them to rent and furnish schoolrooms, and by § 33 they are authorized to levy a special tax. Two classes of duties are imposed on directors, 1, keeping the schools open and running, and, 2, acquiring and maintaining the school property, sufficient to supply schools for all. The popular and practical interpretation of § 33 has been according to our claim. It is the correct interpretation in the light of the other provisions of the statute. This section is a necessary and supplemental tax provision to enable directors to acquire and maintain school property. Nothing remains to be added to the master's report.

*T. C. Hipple,* with him *B. W. Green,* for appellee.—The Legislature provided for an anual tax to meet expenses such as were incurred by appellants. When § 33 of the Act of 1854 prescribed the special tax whi h should be used " solely " for the purpose of purchasing or paying for the ground and the building or erection of school buildings thereon, it prohibited any other use of the money. If not, other language should

have been used. If the special tax can be applied to general purposes, then a double general school tax may be collected in excess of the amount allowed by law.

Ford v. School Dist., 121 Pa. 548, and German Twp. Sch. Dist. v. Sangston, 74 Pa. 454, rule this case. Davis v. Bradford Sch. Dist., 4 C. C. 656, is not authority for the master's position. The court there says the special tax is to be used for a special purpose.

The accepted construction is that stated by the superintendent of public instruction, as follows:

The special tax can be applied as follows: "1, for purchasing ground; 2, erecting buildings; 3, accumulation of fund for purchasing ground and erecting buildings; 4, payment of debt contracted in purchasing ground and erecting buildings; 5, completing improvements in school buildings comtemplated at the time of their erection; 6, fencing and improving grounds in connection with the erection of buildings."

OPINION BY MR. JUSTICE WILLIAMS, July 13, 1892.

The duties and powers of school directors are defined and regulated by the Act of May 8, 1854, and its supplements. Their important duties are two in number. One is " to establish a sufficient number of common schools for the education of every individual between the ages of six and twenty-one years, in their respective districts, who may apply for admission." The other, as defined by the Act of 1854, is " To cause suitable lots of ground to be procured and suitable buildings to be erected, purchased, or rented, for schoolhouses," in which the common schools may be conducted. To provide them with the means necessary to enable them to perform these duties they are clothed by law with the power to levy and collect two distinct taxes. One of these is styled a school tax, the other a special or building tax. The school tax must be large enough so that, " together with such additional sums as the district may be entitled to receive out of the state appropriations and from other sources, it shall be sufficient to keep the schools of the district in operation not less than four or more than ten months in the year." The special or building tax must be levied and used to provide " suitable buildings " for use as schoolhouses, and cannot be lawfully diverted to any

other purpose. The words of the Act of Assembly are that this tax shall be "applied solely to the purpose of purchasing, or paying for the ground, or the building or erection of school buildings thereon." This sentence must be read in connection with that which imposes the duty to provide suitable lots of land and to cause "suitable buildings to be erected, purchased or rented for schoolhouses." The power to levy the tax is given that the directors may be able to discharge the duty thus imposed, and the words employed must be so construed as to enable them to perform it fully. If the general or school tax should produce a sum large enough to enable the directors to perform both duties no other tax would be necessary. If it should not, it must be supplemented by the special tax which must be devoted to the sole purpose of providing the schoolhouses needed. Whether a special tax may be lawfully levied and collected depends on whether greater schoolhouse accommodation is needed in the district than the directors can supply with the means at their command. If such need exists the best manner in which to meet it is a question for the directors to settle in the exercise of their official discretion. The law authorizes them to meet it by the erection of a suitable building (which would include the enlargement of an existing building), by the purchase, and by the renting, of a suitable building for use as a schoolhouse. When they decide which of these methods is best adapted to the exigency and the best interests of the district, they must next inquire whether the ordinary school tax will yield a sufficient sum of money to maintain the schools and provide the additional schoolhouse accommodation. If it will not, then the circumstances have arisen which will justify the exercise of the power to levy and collect a special tax. The subsequent misappropriation of a portion of the proceeds of this tax may render the directors personally liable to the district, in a proper case, but it can have no retroactive effect upon the power of the directors to levy and collect the tax.

In the case at bar it appears that the directors of Emporium School District found four hundred and nine persons applying for admission to their school. Their schoolhouse furnished accommodation for only three hundred and thirty. What should they do to provide for the eighty persons whom

they could not accommodate? It was their duty under the law to make some provision for them, and they deliberated as to the best way in which to perform that duty. Their first plan was to erect a new schoolhouse of sufficient size to accommodate the whole number applying, and to supply the probable demand for some years to come; but the expense of such a structure would make it necessary to incur a considerable debt. The question whether the debt should be contracted for this purpose was submitted to the decision of the qualified voters of the borough and their decision was against it. The directors were thus shut up to the necessity of meeting the demand upon them in a less expensive way. They decided, and, so far as we can judge from this record, decided wisely, that it was not best to enlarge a building which was old and illy adapted to the wants of the district; nor to buy a building for a temporary purpose; but to rent suitable rooms and fit them up for occupancy until the district should be able to make suitable permanent provisions for the scholars within its limits. Having determined upon what must be done they found the school tax did not provide the means of doing it. They accordingly levied a special tax to enable them to do what the law required them to do, viz., to make provision for the eighty persons applying for admission to the school for whom they had no room in the schoolhouse belonging to the district. The plaintiff denied their right to levy the tax and filed the bill in this case asking the court to enjoin them against its collection. The learned judge of the court below granted the injunction, following a decision of the superintendent of public instruction, and holding that a special tax could be levied only for one of two purposes, the purchase of lots of land, and the erection of schoolhouses thereon. We think this interpretation of the Act of 1854 is too literal. It leaves out of view the requirement that the directors shall provide suitable buildings to be used as schoolhouses by causing them to be " erected, purchased or rented," and fixes attention on the clause which limits the use of the fund, when raised, " solely " to the purchase of ground and the erection of buildings. It limits the meaning of the word " purchase " to the acquisition of a fee simple, and so restrains the directors to one out of the three modes of obtaining schoolhouses which the Act gives them. If they

can use the proceeds of the special tax for no purpose except the purchase of land in fee and building upon the land so bought, then they are without means to buy a building already erected, or to rent it for school purposes. The legal meaning of the word purchase includes all modes of acquisition except that by descent. A lessee is a purchaser as truly as he who becomes grantee in fee. The difference is in the estate acquired. The estate of the former is a leasehold, of the latter a freehold, but the mode of acquisition is by purchase in both cases. The school law requires the directors to provide suitable school-houses for their district by building, by buying, and by renting. It authorizes them to provide the money for this purpose by levy and collection of a special tax, and prohibits the use of the money so raised for any other purpose. The words employed are not the best that could have been chosen, but, read in connection with the section that imposes the duty of providing schoolhouses, they are not difficult of interpretation. So read they declare that the money raised by a special tax must be applied solely to the purchase of suitable lots, in fee or for years, with a suitable building on them, or vacant; and if vacant then to the further purpose of erecting a suitable building on such lot for use for school purposes. This makes the provisions of the law harmonize with each other, and provides the directors with the means with which to do what the law requires them to do. Any narrower construction than this leaves the directors charged with a duty which they have no means for performing, but for the non-performance of which they are made liable to removal from office. In the case before us it is clearly the duty of the directors to provide for the eighty persons residing in their district and demanding admission to the public schools. They cannot make provision by the erection of a suitable building or the purchase in fee of such building, because of an existing debt which voters refuse to increase. If they cannot apply the proceeds of the special tax to the purchase of a leasehold, then they cannot perform the duty which the law has laid on them. The eighty applicants must be denied admission to the school, and the doors be closed against them indefinitely. This could not have been the intention of the law-makers and we could not adopt such a construction unless the language employed by them left us no alternative. We

are of opinion that the purchase of a leasehold was a proper way to provide for the persons applying for admission to the school in Emporium ; and that the levy of a special tax was a proper and lawful mode of raising the money necessary to pay the price, and fit up the building for use as a schoolhouse. If any part of the proceeds of the tax has been improperly used, that is a question to be disposed of on the settlement of the accounts of the directors, with which in this proceeding we have no concern.

The decree of the court below is reversed and the injunction dissolved. The costs of this appeal to be paid by the appellee.